| | | |
|---|---|---|
| JOSEPH R. STROMBERGER | : | Case No. 1:16-cv-1117 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | |
| TAMPICO BEVERAGES, INC. | : | |
| | : | |
| Defendant. | : | |

## ORDER

This matter is before the Court on:  (1) Plaintiff's Motion for Leave to File First Amended Complaint with Jury Demand Endorsed Hereon ("Motion for Leave") (Doc. 14); and (2) Defendant's Motion for Judgment on the Pleadings ("Rule 12(c) Motion") (Doc. 15).

## I.  BACKGROUND

On November 1, 2016, Plaintiff Joseph Stromberger filed a Complaint for wrongful termination in violation of public policy in the Hamilton County Court of Common Pleas against Defendant Tampico Beverages, Inc. and Defendant Houchens Food Group, Inc.  On December 2, 2016, the Complaint was removed to this Court.  On December 8, 2016, Defendant Tampico Beverages, Inc. filed an answer, and Defendant Houchens Food Group, Inc. moved to dismiss. (Doc. 9).  On January 19, 2017, the Parties agreed to the granting of the Motion to Dismiss as to Defendant Houchens Food Group, Inc., and the Court orally granted same.  Jan. 19, 2017 Minute Order.

On February 14, 2017, Plaintiff filed his Motion for Leave to File First Amended Complaint with Jury Demand Endorsed Hereon.  (Doc. 14).  The Motion for Leave (Doc. 14) proffers an amended complaint that adds a claim for age discrimination (in addition to the existing claim for wrongful termination in violation of public policy), and alleges that on

February 1, 2017 Plaintiff was granted a right to sue letter by the Equal Employment Opportunity Commission. (Doc. 14-1).

Despite an opportunity to do so, Defendant Tampico Beverages, Inc. has not opposed the Motion for Leave (Doc. 14). However, on February 14, 2017, Defendant Tampico Beverages, Inc. filed a Motion (Doc. 15) asking that this Court dismiss the wrongful termination claim in violation of public policy based on Fed. R. Civ. P. 12(c). Defendant Tampico Beverages, Inc. argues that the foregoing claim may not be premised on Plaintiff's allegations that he was terminated for complaining about violations of the Robinson-Patman Act, 15 U.S.C §13 et seq., an antitrust statute. Plaintiff asks this Court to deny the Rule 12(c) Motion or, in the alternative, to stay this case pending the Supreme Court of Ohio's ruling in *McGowan v. Medpace, Inc.*[1]

## II.     ANALYSIS

### a.  Motion for Leave to File First Amended Complaint with Jury Demand Endorsed Hereon (Doc. 14)

"Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc.*, No. 08-1638, 2009 U.S. App. LEXIS 5494, at *8 (6th Cir. 2009). *Accord*: *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso*, 233 F.3d at 421. However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The "[C]ourt should freely give leave when justice so requires[.]" *Id*. However, the foregoing rule provides that leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments.

---

[1] On July 24, 2017, the Court granted Defendant Tampico Beverages, Inc.'s Motion (Doc. 21; Doc. 22) to file supplemental authority regarding recent developments in *McGowan*, discussed *infra*.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Here, Plaintiff sought leave to add the age discrimination claim shortly after the EEOC granted him a right to sue letter, which is a prerequisite to bringing a federal claim of age discrimination. (Doc. 14; PageID# 100). No facts before the Court suggest that amendment would cause undue delay, or otherwise run afoul of Rule 15. Indeed, Defendant Tampico Beverages, Inc. has not opposed amendment. The Motion for Leave (Doc. 14) is therefore **GRANTED**, and the proffered First Amended Complaint with Jury Demand Endorsed Hereon ("First Amended Complaint") (Doc. 14-1) is deemed filed as of this date.

### b. Defendant's Rule 12(c) Motion (Doc. 15)

An order granting a motion for leave to amend normally moots pending motions directed to the pleadings; however, Defendant Tampico Beverages, Inc. asserts that the "arguments set forth" in its Rule 12(c) Motion (Doc. 15) "are equally applicable to Plaintiff's First Amended Complaint, which remains subject to Plaintiff's Motion for Leave to File said Amended Complaint." (Doc. 15; PageID# 109). Ultimately, any portion of the Motion (Doc. 15) that relates to the original complaint (Doc. 1-3) is **DENIED AS MOOT**. However, the First Amended Complaint (Doc. 14-1) is deemed filed as of this date, so the Court will address Defendant's Rule 12(c) Motion (Doc. 15) as it relates to the First Amended Complaint.

### 1. Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed using the same standards applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)).

"[T]o survive a motion to dismiss[,] a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

## 2. Elements of Wrongful Termination in Violation of Public Policy

Defendant argues that the facts Plaintiff alleges do not support a plausible claim for wrongful termination in violation of public policy, arguing that the foregoing claim may not be premised on Plaintiff's allegations that he was terminated for complaining about violations of the Robinson-Patman Act, 15 U.S.C §13 et seq.

In Ohio, claims for wrongful termination in violation of public policy represent an exception to at-will employment. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St. 3d 228, 234, 551 N.E.2d 981, 986 (1990). To prove a claim of wrongful discharge in violation of public policy, a plaintiff must satisfy four elements:

> (1) a clear public policy manifested in state or federal law (clarity element); (2) dismissal under circumstances like those involved here would jeopardize that public policy (jeopardy element); (3) dismissal motivated by conduct related to the public policy (causation element); and (4) lack of an overriding business justification by the employer for the dismissal (overriding justification element).

*Hale v. Mercy Health Partners*, 20 F. Supp. 3d 620, 637 (S.D. Ohio 2014), aff'd 617 F. App'x 395 (6th Cir. 2015), citing *Collins v. Rizkana*, 73 Ohio St.3d 65, 69-70, 652 N.E. 2d 653 (Ohio 1995).

The clarity and jeopardy elements present questions of law, while the causation and overriding-justification elements present questions of fact. *Collins*, 73 Ohio St. 3d at 70.

### 3. The Clarity Element

Defendant's Rule 12(c) Motion (Doc. 15) hinges on whether Plaintiff's alleged termination for complaining about violations of the Robinson-Patman Act violates a "clear public policy manifested in state or federal law."[2]

In diversity cases involving state law issues such as this one, federal courts "must apply the law of the state's highest court." *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). If there is no controlling authority from the state supreme court, an appellate court decision announcing a rule of law may not be disregarded unless other persuasive data convinces the federal court that the state supreme court would decide the case differently. *Mich. First Credit Union v. Cumis Ins. Soc., Inc.*, 641 F.3d 240, 252 (6th Cir. 2011). For the sake of consistency, federal courts must follow interpretations of state law announced by their circuit absent "a subsequent change in state law" that resolves the issue. *Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, LTD.*, 476 F. Supp. 2d 809, 828 (S.D. Ohio 2007).

This Court has previously reviewed Ohio authority on at-will employment, and

---

[2] In his Opposition, Plaintiff cites to various state and federal antitrust statutes to support his argument that there is a "clear public policy in Ohio designed to promote fair markets and fair competition and to guard against discriminatory and anti-competitive pricing by a seller of like goods among his or her customers, and against discriminatory promotional services, as manifested in the federal Robinson-Patman Act and the state's antitrust laws, including the Valentine Act[.]" (Doc. 18; PageID# 131). Defendant correctly observes that: (1) "Plaintiff never pled the Valentine Act as a basis for his wrongful termination in the Complaint"; and (2) Plaintiff did not "allege that Tampico engaged in 'price fixing.'" (Doc. 20; PageID# 175). Defendant argues that "these and all such other allegations that are not made in the Complaint should be disregarded when ruling on Tampico's Motion for Judgment on the Pleadings." (*Id.*) The Court agrees, and thus bases this opinion only on the facts alleged in the First Amended Complaint.

determined that "[w]here an at-will employee's common-law claim embodies only the public policy set forth in Ohio Rev. Code § 4113.52 (the whistleblower statute), the employee must strictly comply with the requirements of that statute." *Seig v. Mercy Franciscan at Schroeder*, No. 1:13-CV-672, 2015 U.S. Dist. LEXIS 29193, at *27 (S.D. Ohio 2015) (citing *Kulch v. Structural Fibers*, 78 Ohio St. 3d 134, 162, 1997 Ohio 219, 677 N.E.2d 308 (1997); *Hale v. Volunteers of America*, 1st Dist. Hamilton No. C-020839, 158 Ohio App. 3d 415, 424, 2004 Ohio 4508, 816 N.E.2d 259)). "While an at-will employee may maintain a common-law public-policy claim regardless of whether she complied with the strict requirements of § 4113.52, to do so she must identify 'a source of public policy separate from the public policy embodied in [§ 4113.52].'" *Seig*, 2015 U.S. Dist. LEXIS 29193, at *27 (citing *Kulch*, 78 Ohio St. 3d at 162; *Hale*, 158 Ohio App. 3d at 425).

No Ohio case, from the Supreme Court of Ohio or otherwise, has squarely addressed whether terminating an employee for complaining about alleged violations of the Robinson-Patman Act violates a "clear public policy manifested in state or federal law" on which a common-law public-policy claim may be premised. Therefore, this Court must determine whether the Supreme Court of Ohio would recognize such a termination as a violation of "clear public policy." The undersigned has previously recognized that "courts in Ohio have not unanimously defined the breadth of the public policy exception." *Mercy Health Partners*, 20 F. Supp. 3d at 638 (dismissing wrongful termination claim). However, in *Mercy Health Partners*, the Sixth Circuit affirmed this Court's dismissal and interpretation of Ohio law, reasoning that "[t]he district court correctly noted that Ohio courts require that a plaintiff's claimed policy parallel Ohio's whistleblower statute, Ohio Revised Code § 4113.52." *Mercy Health Partners*, 617 Fed. Appx. at 403. The Sixth Circuit held that, "[t]o parallel that statute, the policy on which the plaintiff relies must (1) impose an affirmative duty on the employee to report a violation, [(2)] specifically prohibit[] employers from

6

retaliating against employees who had filed complaints, or [(3)] protect[] the public's health and safety." *Id*. (citing *Dean v. Consol. Equities Realty # 3, LLC*, 1st Dist. Hamilton No. C-080931, 182 Ohio App. 3d 725, 729, 2009-Ohio-2480, P11, 914 N.E.2d 1109, 1112)). Applying the foregoing standard in *Mercy Health Partners*, the Sixth Circuit determined that an Ohio administrative regulation requiring that institutional pharmacies "maintain proper transport and record-keeping processes to ensure [] narcotics are properly accounted for by the pharmacies" did not parallel the whistleblower statute. *Mercy Health Partners*, 617 Fed. Appx. at 403. The Sixth Circuit found that: (1) the regulation did not require employees to report violations; (2) the regulation did not prohibit employer retaliation; and (3) the regulation did not specifically protect the public's health and safety, because the regulation "merely impose[d] 'baseline technical requirements that [institutional pharmacies had] to satisfy to operate.'" *Id.*

After the Sixth Circuit's decision in *Mercy Health Partners*, the Supreme Court of Ohio accepted jurisdiction in an unrelated case in which the three-part standard reflected in *Dean* was challenged; however, the Supreme Court of Ohio later dismissed the appeal as having been "improvidently accepted," specifically ordering that "the opinion of the court of appeals [] not be cited as authority except by the parties *inter se*." *McGowan v. Medpace, Inc.*, 2017-Ohio-1340, P1-P2, 2017 Ohio LEXIS 589, *1. The Supreme Court of Ohio did not explain why the *McGowan* opinion may not be cited as authority. However, *McGowan* presented an opportunity for the Supreme Court of Ohio to overrule the *Dean* standard, and the highest court of Ohio chose not to do so. Thus, absent an opinion from the Supreme Court of Ohio expressly rejecting the *Dean* standard, this Court will follow the interpretation of state law previously reached by its circuit. *MDL Active Duration Fund.*, 476 F. Supp. 2d at 828. Again, the Sixth Circuit has previously held that the three-part standard announced in *Dean* governs. *Mercy Health Partners*, 617 Fed. Appx. at 403.

Here, Plaintiff makes no argument that the Robinson-Patman Act requires employees to report violations. Likewise, Plaintiff makes no argument that the Robinson-Patman Act prohibits employer retaliation. Furthermore, the Court has been presented with no authority suggesting that the Robinson-Patman Act was enacted to protect the public's health and safety. Regardless of the legislative purpose of the Act, however, Plaintiff does not allege facts that suggest that Defendant's practices of which Plaintiff complained even incidentally affected the public's health and safety. Accordingly, Plaintiff's First Amended Complaint fails to state a plausible claim that her termination violated a clear public policy manifested in state or federal law.

With the failure of the clarity element, Plaintiff's entire public policy claim fails.

### III.   CONCLUSION

For the foregoing reasons, and consistent with the above, the Court **ORDERS** as follows:

(1)        Plaintiff's Motion for Leave to File First Amended Complaint with Jury Demand Endorsed Hereon (Doc. 14) is **GRANTED**;

(2)        Defendant's Motion for Judgment on the Pleadings (Doc. 15) is **GRANTED**, with the Court entering judgment in favor of Defendant on the public policy claim; and

(3)        Plaintiff's request that this case be stayed pending the Supreme Court of Ohio's ruling in *McGowan* is **DENIED AS MOOT**.

Although the First Amended Complaint (Doc. 14-1) is accepted for filing as of this date, Plaintiff shall refile it as a standalone pleading within five (5) days of entry of this Order.

**IT IS SO ORDERED.**

s/ *Michael R. Barrett*
Hon. Michael R. Barrett
United States District Judge